UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20981-CIV-LENARD/KLEIN

PATRICIA SUAREZ, individually and
as Personal Representative of the Estate
of Daniel Suarez,

    Plaintiff,

vs.

MUSCLETECH RESEARCH &
DEVELOPMENT, INC. d/b/a
HYDROXYCUT, et al.,

    Defendants.
_____/



## ORDER OF REMAND

**THIS CAUSE** is before the Court on a <u>sua sponte</u> review of the record. On June 22, 2004, Plaintiff Suarez commenced this products liability action in the courts of the State of Florida. On January 18, 2006, Defendant Muscletech Research and Development Inc. ("Muscletech"), a Canadian corporation, filed for bankruptcy in the Ontario Superior Court of Justice, in Ontario, Canada. (D.E. 1.) The same day, RSM Richter, Inc., an entity appointed by the Ontario court to act as Muscletech's Monitor in the bankruptcy proceedings, filed petitions in the U.S. Bankruptcy Court for the Southern District of New York pursuant to Chapter 15 of the U.S. Bankruptcy Code. (<u>Id.</u>) Through and in these petitions, the Monitor commenced cases ancillary to the Canadian bankruptcy proceedings

and requested recognition of the Canadian bankruptcy proceedings. (Id.) On January 20, 2006, the Chapter 15 cases were transferred to the District Court for the Southern District of New York. (Id.)

On April 17, 2006, the GNC Defendants filed a Notice of Removal to this Court pursuant to Title 28, United States Code, Section 1452(a). (D.E. 1.) Section 1452 allows for removal, to the district court, of claims or causes of action "related to" bankruptcy cases "if such district court has jurisdiction of such claim or cause of action under section 1334 of [Title 28]."[1] 28 U.S.C. § 1452(a). However, on the basis of "any equitable ground," see 28 U.S.C. § 1452(b), or "in the interest of justice or in the interest of comity with State courts or respect for State law," see 28 U.S.C. § 1334(C)(2),[2] the court may remand the claim or cause of action.

To begin, the Court finds that the GNC Defendants have failed to demonstrate that this action was properly removed to this Court. First, they have not demonstrated that this case is "related to" a bankruptcy case, as they have provided no information about the nature or substance of Muscletech's Chapter 15 cases. Second, they have not argued whether, because the Chapter 15 cases are pending before the District Court for the Southern District of New York, this Court has jurisdiction over the present action under Section 1334. Cf. 28

---

[1] Section 1334 provides district courts original jurisdiction of all cases under Title 11. Chapter 15 petitions are filed pursuant to Title 11, United States Code, Section 1515.

[2] See Christo v. Padgett, 223 F.3d 1324, 1331 (11th Cir. 2000) (holding that Section 1334(c) applies to state law claims that have been removed to federal court under Section 1452(a)).

U.S.C. § 1452(a).

Additionally, the Court finds numerous equitable grounds for remand of this action to the courts of the State of Florida. First, because the Parties to this case are not diverse, this action would not be removable absent the alleged and undemonstrated relationship to the Muscletech's Chapter 15 cases. Second, if this case remains in federal court, it may be subject to transfer to a district court outside Florida by the Judicial Panel on Multidistrict Litigation, even though Plaintiff elected to file this case in a Florida state court, for alleged violations of Florida law. See Ariail Drug Co., Inc. v. Recomm Int'l Display, Inc., 122 F.3d 930, 923 (11th Cir. 1997). Third, Plaintiff's claims do not arise under Title 11, arise in case under Title 11, or otherwise relate to the bankruptcy laws of the United States.

Last, the Court notes that the Notice of Removal may have been untimely filed. See Christo v. Padgett, 223 F.3d 1324, 1331 n.6 (11th Cir. 2000) (noting that courts have split on whether Title 28, United States Code, Section 1446(b) or Bankruptcy Rule 9027 establishes the appropriate time period for filing a notice of removal in cases related to a bankruptcy proceedings) (citing Hon. Thomas B. Bennett, Removal, Remand, and Abstention Related to Bankruptcies; Yet Another Litigation Quagmire!, 27 Cumb.L.R. 1037 (1997) (explaining the conflict between Section 1446(b) and Bankruptcy Rule 9027(a)(2) and the majority and minority positions on its proper resolution)). Section 1446(b) requires the removing party to file their notice within thirty days after receipt of the document from which it may first be ascertained the that case has become removable. Under this provision,

and assuming that the GNC Defendants learned of the filing of the Chapter 15 cases on or before January 18, 2006, removal is untimely.[3]

Therefore, on the basis of the foregoing, it is:

**ORDERED and ADJUDGED** that this action is **REMANDED**, the case is **CLOSED**; and all other pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 25 day of May, 2006.

                                        JOAN A. LENARD
                                        **UNITED STATES DISTRICT JUDGE**

cc:    U.S. Magistrate Judge Theodore Klein

       All Counsel of Record

       **CASE NO. 06-20981-CIV-LENARD/KLEIN**

---

[3] Bankruptcy Rule 9027(a)(2), however, allows up to ninety days "after the order for relief in the case under the Code" for the filing of a notice of removal. See Christo v. Padgett, 223 F.3d at 1331 n.6. While the GNC Defendants invoke this Rule, they have not identified what event, if any, constitutes the "the order of relief under the Code" that triggered the ninety-day period for the filing of the notice of removal.